UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 09 CR 546 |
| ) | |
| JORGE GUADALUPE AYALA-GERMAN ) | |
| ) | Hon. William Hibbler |

## PROTECTIVE ORDER

Upon the government's motion for a Protective Order, it is hereby ORDERED as follows:

1. All materials produced by the government in preparation for, or in connection with, any stage of the proceedings in this case, including but not limited to: applications, affidavits, ten-day reports and court orders for electronic surveillance; recordings, transcripts and agent logs of intercepted conversations; grand jury transcripts; agency reports; witness statements; memoranda of interview; and any documents and tangible objects produced by the government, shall remain the property of the United States. Upon conclusion of the trial and any appeals of this case or the earlier resolution of charges against the defendant, all such materials and all copies made thereof shall be destroyed. All copies withheld by the defense by express order of Court shall be preserved only so long as is necessary for further proceedings related to this cause, after which they shall be returned to the United States or destroyed. The Court may require a certification as to the disposition of any such materials retained.

2. All materials provided by the United States may be utilized by the defendant and his counsel solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding. The materials and any of their contents shall not be disclosed either directly or indirectly to any person or entity other than defendant, defendant's counsel, and persons assisting in the defense, or such other persons as to whom the Court may authorize disclosure. Any notes or records of any kind that defense counsel or defendant may make relating to the contents of materials provided by the government shall not be disclosed to anyone other than defendant's counsel, and persons employed to assist the defense, or such other person as to whom the Court may authorize disclosure, and all such notes and records shall not be disclosed except as provided by this Order.

3. The materials shall not be copied or reproduced except so as to provide copies of the material for the use by each defense lawyer and the defendant and such persons as are employed by them to assist in the defense and such copies and reproductions shall be treated in the same manner as the original matter.

4. The restrictions set forth in this order do not apply to documents that are public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise in the public domain.

5. Intentional violation of this Order is punishable as a contempt, and may result in the imposition of civil and criminal sanctions. However, nothing contained in this protective order shall preclude any party from applying to the Court for further relief or for modification of any provision hereof.

6. Upon receiving this Order, defense counsel shall forthwith inform their clients of the contents of the Order, provide them with a copy of the Order, and ensure themselves that their clients fully understand the seriousness of any breaches of this Order.

7. The government's date for the production of discovery pursuant to Criminal Rule of Procedure 16 is extended until September 1, 2009.

ENTER:

WILLIAM J. HIBBLER
*United States District Court*

Date: 9/8/09